RANDOLPH, Presiding Justice,
concurring in part and in result.
¶ 25. The majority recognizes that the chancellor erred by adding Andy’s mortgage payment (an expense) to his net monthly income of $8,519.96, calculating a net monthly income of $12,719.96 (which also includes a $1,000 mathematical error), and remands the case for the chancellor to recalculate and determine “whether a material change in circumstances exists to warrant modification of the agreement.” Maj. Op. ¶ 18. However, even if the chancellor’s calculations had been correct, he committed manifest error in finding “that no material change in circumstances had occurred.” See Maj. Op. ¶ 2.
¶ 26. As this Court has stated, “the changes in circumstances affecting the modification of a child support agreement could be that of the father, the mother, or the children.” Morris v. Stacy, 641 So.2d 1194, 1197 (Miss.1994) (citing McEachern v. McEachern, 605 So.2d 809, 813 (Miss.1992)). While I do not contend that any financial change requires modification, the chancellor committed manifest error in failing to recognize that Andy’s precipitous drop of $182,000 in income ($280,000 in 2007; $98,000 in 2010) represented a material change in circumstances in this case. There is no evidence in the record that Andy’s drastic drop in income was foreseeable at the time of the agreement, nor is there evidence of the majority’s assumptions as to what the parties were considering at the time of the agreement. See Maj. Op. ¶ 10, 16. Very few in America (or the world) predicted a recession so severe that our President compared it to the Great Depression of the 1930s and 1940s.[2] The record is further devoid of facts that a minimum of $3,000-per- *1156 month[3] support for a seven-year-old is necessary or reasonable, or that it is related to the needs and expenses of Ethan. The only record evidence is Kathryn’s Rule 8.05 financial statement (entered pri- or to the hearing), which lists Ethan’s expenses at $925 per month.
¶ 27. All agree that the support order was modifiable. However, the facts of this case compel me to conclude that the chancellor was manifestly wrong in determining that no material change in circumstances existed, absent required proof that $36,000 per year was related to the needs and expenses of the child.

. This economic downturn also has been referred to as the "Great Recession.”

. According to the United States Census Bureau, from 2008 to 2012, the median household income in Mississippi was $38,882. See http://quickfacts.census.gov/ (last visited Feb. 4, 2014).